# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF DELAWARE

ETHan TSAI,                                :        C.A. No.:_____
and ZHENGYUAN CHEN,                        :
     Plaintiffs,                          :
                                           :
           v.                :        Jury Trial Demanded
                                           :
DERRICK CALLOWAY,                          :
KATIE COUCHMAN, and the                    :
TOWN OF GEORGETOWN,                        :
a Delaware municipal corporation,          :
     Defendants.                          :

## COMPLAINT

NOW COME the Plaintiffs, Ethan Tsai and Zhenyuan Cheng, by and through their attorney, Tasha M. Stevens-Gueh, Esquire, of ANDREW & STEVENS-GUEH, LLC and complains of the Defendants as follows:

## JURISDICTION AND VENUE

1.    Plaintiffs allege Constitutional violations and brings this cause of action pursuant to the 42 U.S.C. § 1983.  The Court has supplemental jurisdiction over Plaintiffs' related Delaware state law claims pursuant to 28 U.S.C. § 1967.

2.    Venue is proper under 28 U.S.C. § 1391(b) as the Defendants are residents of the State of Delaware and were acting under the color of law for a Delaware Municipality; and the conduct complained of was conducted was exclusively within the State of Delaware.

## PARTIES

3.    Plaintiff, Ethan Tsai, is a Chinese American and is a resident of the State of New Jersey.

4.    Plaintiff, Zhengyuan Chen, is a Chinese American and is a resident of the State of

1

New York.

5.     Defendant, Derrick Calloway, is a resident of Sussex County, residing in Laurel, DE.

6.     Defendant, Katie Couchman, is a resident of Sussex County, residing in Georgetown, DE.

7.     Defendant, the Town of Georgetown, is a municipal corporation organized by Charter under the laws of the State of Delaware whose chief managerial administrative officer is the Town Manager,  Eugene Dvornick, and the town hall is located at 37 the Circle, Georgetown, DE 19947.

## FACTUAL BACKGROUND

8.     At all times pertinent to this case, the individual Defendants were employed by and acting within the scope of their duties as police officers with the Town of Georgetown Police Department, duties which include the enforcement of Delaware state law.

9.     In the early morning hours of February 13th, 2021, Plaintiff, Ethan Tsai, was driving passenger, Plaintiff Zhengyuan Chen's van on Route 113 within the town limits of Georgetown, DE.

10.    The van in which the Plaintiffs were traveling had a valid New York registered license plate.

11.    As Plaintiffs were traveling, a marked police car pulled behind the van and activated its emergency lights.

12.    Tsai pulled the van over to the side of the road, and the police car moved over behind it.

13.    Officer Derrick Callaway approached the van on the passenger's side, so Chen

2

rolled the window down.

14.    Callaway asked Plaintiffs where they were headed and where they were coming from, and he asked Tsai for his license, registration, and insurance. They responded that they were coming from Virginia and headed to New Jersey and New York.

15.    Tsai provided the documents requested.  Callaway took the documents from the Plaintiffs and returned to his vehicle; moments later he called to Tsai, the driver, to exit the car and come to the back of the van.

16.    Tsai complied, walked to the back of the van, where Callaway again asked where he was coming from and headed.   Tsai provided the same answer as earlier.

17.    Callaway then asked Tsai where the cigarettes were; Tsai responded that they did not have cigarettes; they had beer which belonged to Chen, who was a wholesaler.

18.    Callaway immediately handcuffed Tsai and placed him in the back of the police car.

19.    Callaway then asked Chen if he had a distributor's license, and Chen responded that he does not and explained that he is a beer wholesaler and purchased the beer for resale.  Chen asked if he could show Callaway his wholesaler's license on his phone.

20.    Callaway advised Chen that he does not have a license and proceeded to arrest him; Chen was placed in Officer Katie Couchman's police vehicle.

21.    Despite the law, the COVID-19 pandemic, and the CDC guidelines, neither of the officers that were in contact with the Plaintiffs wore masks or face coverings of any sort.

22.    Tsai requested to be able to get his hat, gloves, and mask when he was ordered from the van, and Callaway denied his request though it was cold outside.

23.    Upon information and belief, the individual defendants' police vehicles were

3

equipped with motor vehicle recording devices and/or they wore body cam, which recorded some or all of their interactions with the Plaintiffs at the location of the vehicle stop.

24.    Plaintiffs were handcuffed, taken to the police station, placed in a cold holding cell with no shoes, hat or gloves until they were released, and made to leave the police station in the cold.

25.    Plaintiffs were charged with Conspiracy 3rd, and eight additional violations of 4 Del. C. §§ 718 and 904 relating to the shipping of alcohol; additionally, Tsai was charged with Speeding.

26.    Plaintiff Chen did in fact have legal authority to transport the beer.

27.    Plaintiffs retained counsel and after a review of the case, the Sussex County Department of Justice dismissed all of the Plaintiffs' charges.

28.    At all times pertinent to this matter, Defendants held themselves out to be Georgetown Police Officers performing the duties of that position and were operating under the color of law.

29.    Plaintiffs are citizens of the United States of America legally traveling through Delaware and were entitled to the protections of the respective State and Federal constitutions.

### VIOLATIONS OF STATE AND FEDERAL CONSTITUTIONS: FALSE ARREST AND FALSE IMPRISONMENT

30.    Plaintiffs hereby incorporate Paragraphs 1-29 as though fully set forth herein.

31.    Plaintiff, Tsai, does not believe that he was speeding when Defendant, Officer Calloway observed the van with New York tags traveling on Route 113 in Georgetown, DE.

32.    Upon information and belief, Officer Calloway's vehicle is not equipped with any speed measuring devices.

4

33.    Officer Callaway did not have a reasonable, articulable suspicion to detain, nor probable cause to seize the Plaintiffs when he stopped the vehicle.

34.  Upon information and belief, Officer Calloway stopped the van because he suspected that the occupants were illegally transporting cigarettes.

35. At the time that Officer Calloway stopped the van and asked the Plaintiff Tsai about cigarettes, he could not see what was in the back of the van.

36.   When Plaintiffs advised that they were not transporting cigarettes, but alcoholic beverages, Calloway immediately believed that they were doing so illegally and rejected their offer of exculpatory information that was readily available.

37.    The Plaintiffs' actions of transporting the beer did not constitute violations of laws of the state of Delaware.

38.    At the time that Defendant Calloway ordered Tsai out of the van, neither Tsai, nor Chen were free to leave.

39.    The officers did not have reasonable articulable suspicion to extend the traffic stop for Speeding and/ or to support his detention of them beyond the time necessary to issue a citation.

40.    Yet, Plaintiffs were handcuffed, placed into the back of Defendant officers' police vehicles and subjected to the misdemeanor arrest processes.

41.    Defendants' initial detention, arrest, and detention subsequent pursuant to the arrest of Plaintiffs were violations of their constitutional rights to be free from unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution and under Article I Section 6 of the Delaware State Constitution.

42.    Defendants' initial detentions, arrests, and detentions subsequent pursuant to the

arrest of Plaintiffs were done with malicious, intentional, and with callous and reckless indifference for Plaintiffs' State and Federal constitutional rights.

43.    Plaintiffs suffered damages in ways including, but not limited to the deprivation of their constitutional rights, emotional distress, humiliation, embarrassment, anxiety, illness, and financial damages related to the impound of the vehicle, loss of the beer, and defending the charges lodged against them.

44.    Plaintiffs, therefore, have a valid claim against Defendants under 42. U.S.C. 1983.

## MALICIOUS PROSECUTION (UNDER STATE LAW)

45.    Plaintiff hereby incorporates Paragraphs 1-44 as though fully set forth herein.

46.    Defendant Calloway swore out criminal arrest warrants for Plaintiffs on misdemeanor charges of Conspiracy 3rd, and four violations of 4 Del. C.§§ 718 and 906 each. Additionally, Tsai was charged with Speeding.

47.    On March 10, 2021, the State dismissed the charges, so the charges were resolved in Plaintiffs' favor.

48.    Defendant Calloway instituted the misdemeanor criminal proceedings, but not for the purpose of bringing Plaintiffs to justice.

49.    Defendant Calloway did not have probable cause for the institution of the criminal charges against Plaintiffs.

50.    Plaintiffs suffered damages in ways including, but not limited to the deprivation of their constitutional rights, emotional distress, humiliation, embarrassment, anxiety, illness, and financial damages related to the impound of the vehicle, loss of the beer, and defending the charges lodged against them.

## VIOLATION OF PLAINTIFF'S RIGHT TO INTERSTATE TRAVEL

51.   Plaintiff hereby incorporates Paragraphs 1 through 50 as though fully set forth herein.

52.   The Defendant officers unlawfully seized and arrested Plaintiffs because they were traveling with New York tags.

53.   The Plaintiffs' travel through the Town of Georgetown, Delaware in a vehicle with New York tags is a legal exercise of their Right to Travel under the Privileges and Immunities Clause found in Article VI, section 2 of the U.S. Constitution.

54.   Plaintiffs' traveling through the Town of Georgetown in a vehicle with New York registration was a substantial or motivating factor leading to Defendant Calloway's seizure and arrest and disregard for the rights of the Plaintiffs.

55.   Defendant Calloway's actions of detaining, disregarding, and arresting Plaintiffs' for traveling in a vehicle with New York registration was done with malicious, intentional, and with callous and reckless indifference for Plaintiffs' Constitutional Right to Travel free of discrimination.

56.   Plaintiffs suffered damages in ways including, but not limited to the deprivation of their constitutional rights, emotional distress, humiliation, embarrassment, anxiety, illness, and financial damages related to the impound of the vehicle, loss of the beer, and defending the charges lodged against them.

57.   Plaintiffs, therefore, has a valid claim against Defendants under 42. U.S.C. § 1983.

## RACIAL PROFILING IN VIOLATION OF
## THE EQUAL PROTECTION CLAUSE

58.   Plaintiffs hereby incorporate Paragraphs 1-57 as though fully set forth herein.

59.   Defendant Calloway stopped Plaintiffs because they were Chinese American in a

vehicle with out-of-state registration tags.

60.     The vehicle that Plaintiffs were traveling in was allegedly stopped for speeding, though Defendant Calloway had no objective way to measure the speed of the vehicle, neither had his vehicle calibrated in order to measure the vehicle's speed by pacing it.

61.   Defendant Calloway targeted the vehicle that Plaintiffs occupied because it had out-of-state registration and was being operated by a person of color.

62.     Defendant's targeting Plaintiffs for traffic stops based on race and ethnicity is a violation of Equal Protection under the U.S. Constitution.

63.   Defendant Calloway has a history of stopping vehicles with out-of-state vehicle registrations operated by people of color without probable cause and searching for cigarettes or other contraband and money to seize.

64.   It is clear that this was Defendant Calloway's intention in the instant case by his questioning of Plaintiffs after the vehicle stop for alleged speeding and then extending stop by having Plaintiff Tsai exit the vehicle and asking him how many cigarettes were in the vehicle.

### **DEFENDANT, TOWN OF GEORGETOWN, LIABILITY**

65.   Plaintiff hereby incorporates Paragraphs 1-65 as though fully set forth herein.

66.   Defendant Calloway has a history and pattern of stopping out-of-state vehicles that are traveling through the Town of Georgetown without a reasonable articulable suspicion and/or probable cause.

67.   Defendant Calloway has a history and pattern of stopping out-of-state vehicles driven by people of color that are traveling through the Town of Georgetown without a reasonable articulable suspicion and/or probable cause.

68.   Defendant Calloway has been cautioned by State prosecutors against conducting

vehicle stops and searching vehicles without a reasonable, articulable suspicion and/or probable cause.

69.     The Town of Georgetown is aware of Defendant Calloway's history and pattern of stopping and searching out-of-state vehicles that are often operated by persons of color traveling through the Town of Georgetown without a reasonable articulable suspicion and/or probable cause and has also been cautioned by State prosecutors about his unlawful practices.

70.     The Town of Georgetown and Defendant Calloway's superiors have either ignored, condoned, or acquiesced in Defendant Calloway's conduct in conducting these vehicle stops and searching vehicles without a reasonable, articulable suspicion and/or probable cause.

71.     The Town of Georgetown and Defendant Calloway's superiors have failed to take adequate measures to correct and prevent Defendant Calloway's unlawful conduct in stopping out-of-state vehicles driven by persons of color and searching vehicles without a reasonable, articulable suspicion and/or probable cause.

72.     Instead, the Town of Georgetown has received fiscal benefit from seizures and forfeitures as a result of Defendant Calloway's conduct in conducting vehicle stops and searching vehicles without a reasonable, articulable suspicion and/or probable cause and has rewarded him accordingly.

## **JURY DEMAND**

73.     Plaintiffs hereby demands that the issues raised herein be heard and decided by a twelve- member jury of their peers.

   **WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

a.   Compensatory damages;

b.   General and special damages;

9

c. Punitive Damages;

d. Attorney's fees, expert fees, and costs of litigation; and

e. Any and all other relief this Court deems just and appropriate.

**ANDREW & STEVENS-GUEH, LLC**

  /s/ Tasha Marie Stevens-Gueh
Tasha M. Stevens-Gueh, Esquire (DE #4463)
115 S. Bedford Street
Georgetown, DE 19947
Tasha@ASGLawDE.com
302-856-0999
Attorney for Plaintiffs

Dated: August 12, 2022