IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHAN TSAI and ZHENGYUAN CHEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-cv-01065-SRF |
| ) | |
| DERRICK CALLOWAY, KATIE ) | |
| COUCHMAN, and the TOWN OF ) | |
| GEORGETOWN, a Delaware municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

Tasha Marie Stevens-Gueh, ANDREW & STEVENS-GUEH, LLC, Georgetown, DE.

    Attorney for Plaintiffs.

Jennifer A. Sutton, MARGOLIS EDELSTEIN, Wilmington, DE.

    Attorney for Defendants.

## MEMORANDUM OPINION

September 28, 2023
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

Presently before the court in this civil rights action brought under 42 U.S.C. § 1983 is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which was filed by defendants Derrick Calloway ("Calloway"), Katie Couchman ("Couchman"), and the Town of Georgetown ("Georgetown;" collectively, "Defendants"). (D.I. 6)[1] For the following reasons, Defendants' motion to dismiss is GRANTED-IN-PART.[2]

## I. BACKGROUND

On February 13, 2021, plaintiffs Ethan Tsai ("Tsai") and Zhengyuan Chen ("Chen;" collectively, "Plaintiffs"), who are Chinese Americans, were driving their van through Georgetown, Delaware when Calloway pulled the van over in his marked police car. (D.I. 1 at ¶¶ 3-4, 9-12) During the traffic stop, Calloway asked Plaintiffs where they were headed and where they were coming from. (*Id.* at ¶¶ 13-14) Tsai, a New Jersey resident, and Chen, a New York resident, answered that they were coming from Virginia and were driving to New Jersey and New York. (*Id.* at ¶¶ 3-4, 14)

After reviewing Tsai's license, registration, and insurance, Calloway instructed Tsai to exit the car and come to the back of the van. (*Id.* at ¶¶ 14-15) Calloway then asked Tsai "where the cigarettes were," and Tsai responded that they had no cigarettes, but they were transporting beer which belonged to Chen, a wholesaler. (*Id.* at ¶ 17) Calloway handcuffed Tsai and placed him in the back of the police car. (*Id.* at ¶ 18)

Calloway then asked Chen if he had a distributor's license, and Chen responded that he did not. (*Id.* at ¶ 19) Chen clarified that he is a beer wholesaler and purchased the beer for

---

[1] The briefing associated with the motion to dismiss is found at D.I. 7, D.I. 9, and D.I. 10.
[2] On December 7, 2022, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings and the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (D.I. 12)

2

resale, and he offered to show Calloway his wholesaler's license on his phone. (*Id.*) Calloway denied that Chen had any license and proceeded to arrest and handcuff Chen, placing him in Couchman's police car. (*Id.* at ¶¶ 20, 24)

At the police station, Plaintiffs were placed in a holding cell. (*Id.* at ¶ 24) They were charged with violations of Delaware law pertaining to the transportation of alcohol through Delaware for sale in New York, and Tsai was also charged with speeding. (*Id.* at ¶ 25) Chen maintains that he had legal authority to transport the beer, and Tsai denies that he was speeding. (*Id.* at ¶¶ 26, 31) The Sussex County Department of Justice later dismissed all charges against Plaintiffs. (*Id.* at ¶ 27)

Plaintiffs filed this action on August 12, 2022, asserting four causes of action pursuant to 42 U.S.C. § 1983: (1) Fourth Amendment seizure under the U.S. Constitution and Article I, Section 6 of the Delaware State Constitution; (2) malicious prosecution under Delaware state law; (3) violation of Plaintiffs' right to interstate travel under Article VI, Section 2 of the U.S. Constitution; and (4) violation of the Equal Protection Clause under the Fourteenth Amendment of the U.S. Constitution. (*Id.* at ¶¶ 30-64) Defendants moved to dismiss the complaint for failure to state a claim on October 24, 2022. (D.I. 6)

## II. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## III.  DISCUSSION

As a preliminary matter, Defendants argue that Plaintiffs' complaint does not allege that Couchman played any role in Plaintiffs' arrest or the charges asserted against them. (D.I. 7 at 8) Plaintiffs do not respond to Defendants' argument regarding the viability of the claims against Couchman. (D.I. 9) The complaint itself alleges only that Chen was placed in Couchman's police vehicle after Calloway accused Chen of transporting alcohol without a license. (D.I. 1 at ¶ 20) Consequently, Defendants' motion to dismiss is GRANTED with respect to Plaintiffs' causes of action asserted against Couchman, and Couchman is DISMISSED from this action.

4

### A. Fourth Amendment Seizure

Defendants argue that Plaintiffs' first cause of action for false arrest and false imprisonment should be dismissed because the complaint identifies only modest restrictions imposed on Plaintiffs which do not rise to the level of a Fourth Amendment seizure. (D.I. 7 at 5-8) In response, Plaintiffs maintain that the pleading adequately alleges a violation of their Fourth Amendment rights based on their seizure and arrest without probable cause and their detention without reasonable articulable suspicion. (D.I. 9 at 9)

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. A Fourth Amendment seizure occurs when someone is "detained by means intentionally applied to terminate his freedom of movement." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). False arrest and false imprisonment claims under the Fourth Amendment "are nearly identical claims and often analyzed together," yet "they remain distinct causes of action." *Dixon v. Schweizer*, 2020 WL 4600187, at *8 (E.D. Pa. Aug. 11, 2020) (internal quotation marks and citations omitted). A claim for false arrest "requires only an arrest made without probable cause," whereas "the arrestee has a claim under § 1983 for false imprisonment based on a *detention pursuant to that arrest*." *Macolino v. Twp. of Lower Moreland*, 2020 WL 5820742, at *7 (E.D. Pa. Sept. 30, 2020) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)) (emphasis added).

Here, the complaint alleges that Plaintiffs were seized, handcuffed, detained in police vehicles, arrested, transported to the police station, placed in a holding cell, and detained before they were ultimately released. (D.I. 1 at ¶¶ 15-16, 18, 20, 22, 24, 38) It is plausible to infer from these averments that Plaintiffs were seized, arrested, and detained. *See Brown v. Gap Inc.*,

2022 WL 17669715, at *5 (M.D. Pa. Dec. 14, 2022) (citing cases) (finding plausible allegations of restraint, arrest, and detention where complaint alleged that plaintiffs were seized, handcuffed, detained in police vehicles, arrested, transported to the station, and placed in holding cells before being released). The remaining question is whether the complaint plausibly alleges that Defendants lacked probable cause for the seizure. *See Sanders v. Jersey City*, 2021 WL 1589464, at *12 (D.N.J. Apr. 23, 2021) ("There can be no dispute that there was a seizure, *i.e.*, an arrest and follow-on detention.").

The court must accept as true the well-pleaded allegations of the complaint. Viewing the instant complaint favorably to Plaintiffs, the court finds plausible allegations that Defendants lacked probable cause to arrest Plaintiffs, who were charged with speeding and illegally shipping alcohol. (D.I. 1 at ¶ 25); *see Moy v. Williams*, 2023 WL 1070591, at *4 (M.D. Pa. Jan. 27, 2023) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (explaining that an officer has probable cause if, "at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.")). Specifically, the pleading avers that Calloway's police vehicle was not equipped with any speed measuring devices, and Calloway, therefore, had no reasonable basis or probable cause to make the traffic stop or detain Plaintiffs. (*Id.* at ¶¶ 32-33) The pleading also alleges that Plaintiffs were not illegally transporting cigarettes as Calloway suggested, and although their transport of alcoholic beverages was legal, Calloway refused to review the alleged exculpatory evidence Plaintiffs presented and proceeded with the arrest. (*Id.* at ¶¶ 19-20, 26, 34-37) Because Plaintiffs have plausibly alleged Defendants lacked probable cause to arrest them, they have adequately stated claims for unreasonable seizure, false arrest, and false imprisonment under the

Fourth Amendment. *See Brown*, 2022 WL 17669715, at *5 (denying motion to dismiss Fourth Amendment seizure claim based on false arrest and false imprisonment where complaint alleged that officers lacked probable cause to arrest and detain plaintiffs despite receiving evidence confirming that plaintiffs had not committed a crime).

Defendants' cited authority is distinguishable because those cases were either decided at or after the summary judgment stage, or distinguishable from the instant case on other grounds. Here, the complaint clearly states that Plaintiffs' Fourth Amendment claim is based on allegations of false arrest and false imprisonment. (D.I. 1 at ¶ 41) In contrast, the alleged seizure in *Gallo v. City of Philadelphia* arose in the context of a malicious prosecution claim based on restrictions on the plaintiff's post-indictment liberty, such as a bond posting requirement, compelled attendance at court proceedings, weekly contact with pretrial services, and a prohibition on interstate travel. *Gallo v. City of Phila.*, 161 F.3d 217, 223 (3d Cir. 1998); *see also DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (considering a § 1983 malicious prosecution claim on post-trial motions); *Heilimann v. O'Brien*, 2017 WL 895581 (M.D. Pa. Mar. 7, 2017) (addressing a partial motion for summary judgment on a malicious prosecution claim, where the defendants did not challenge the plaintiff's claim for false arrest). Plaintiffs' alleged seizure occurred during a traffic stop that resulted in Plaintiffs' arrest and detention, which the Third Circuit in *Gallo* characterized as "the most common type of seizure." *Gallo*, 161 F.3d at 223. Similarly, in *Heilimann v. O'Brien* and *Saterstad v. Derry Township*, the Middle District of Pennsylvania did not reach the issue of whether an initial arrest or detainment constituted a seizure. *See Heilimann*, 2017 WL 898160, at *1; *Saterstad v. Derry Twp.*, 2021 WL 199375, at *5 (M.D. Pa. Jan. 20, 2021) (finding no plausible allegation of malicious

7

prosecution on a motion to dismiss where the plaintiff was not incarcerated or subjected to non-custodial restrictions while charges were pending).

Consequently, Defendants' motion to dismiss Plaintiffs' Fourth Amendment claim for false arrest and false imprisonment is DENIED.[3]

### B. Qualified Immunity

Qualified immunity insulates government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See James v. Cty. of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity, the court considers: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, show that the officer violated a constitutional right; and, (2) whether the right was clearly established, such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). "[A] decision on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis." *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002).

Courts have discretion to decide the order in which to engage the two prongs of the qualified immunity analysis. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The focus of the parties' briefing is on the first prong of the analysis, and they do not meaningfully dispute the

---

[3] The complaint alleges that Plaintiffs' arrest and detention also violates the Fourteenth Amendment and Article I, Section 6 of the Delaware State Constitution. (D.I. 1 at ¶ 41) Because Defendants do not challenge the sufficiency of the allegations to the extent that they are brought under the Fourteenth Amendment or the Delaware State Constitution, the court does not address the sufficiency of those allegations.

8

second prong.[4] There appears to be no dispute that the right under the Fourth Amendment to be free from arrest without probable cause was clearly established at the time of Plaintiffs' arrest. *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

Turning back to the first prong, Defendants argue that qualified immunity shields Calloway from civil suit for violations of Plaintiffs' Fourth Amendment rights because Calloway's actions were supported by probable cause. (D.I. 7 at 10-13) To establish a Fourth Amendment violation, courts consider "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1998). For the reasons previously explained at § III.A, *supra*, Plaintiffs have stated a viable claim under the Fourth Amendment.

The pleaded allegations cited by Defendants regarding the speeding and alcohol transport charges do not alter the analysis at this early stage of the proceedings. *See Kessler v. Borough of Frackville*, 2018 WL 2113648, at *7 (M.D. Pa. May 8, 2018) (concluding it was premature at the pleading stage to determine if the defendants had probable cause to arrest the plaintiff, whether the plaintiff was falsely arrested, or whether a finding of qualified immunity was warranted); *Stackhouse v. City of E. Orange*, 2012 WL 359727, at *4 (D.N.J. Feb. 1, 2012) (explaining that

---

[4] Defendants argue that the law in connection with violations under 4 *Del. C.* § 718 "is sufficiently unsettled that Defendant Calloway is entitled to qualified immunity[.]" (D.I. 7 at 13) But the "clearly established right" relevant to the second prong of the qualified immunity analysis does not pertain to the specific criminal charges brought against Plaintiffs. Instead, the focus of the inquiry is on the constitutional right allegedly violated by the officer's conduct, which in this case is the Fourth Amendment right to be free from arrest and detention without probable cause. *See Mazuka v. Rice Twp. Police Dep't*, 655 F. App'x 892, 894 (3d Cir. 2016) ("The right implicated in this case is the right to be free from arrest without probable cause, which, despite its breadth, is a bedrock constitutional principle and a clearly established right."). Any ambiguities in the application of 4 *Del. C.* § 718 to the facts as alleged in the complaint further support the denial of Defendants' motion to dismiss based on qualified immunity.

9

"probable cause is a function of information and exigency, with its existence dependent upon factual and practical considerations of everyday life.").

Defendants nonetheless maintain that the pleaded allegations support the existence of probable cause to arrest Plaintiffs. Defendants emphasize the complaint's allegation that a marked police car pulled up behind Plaintiffs' van before activating its emergency lights, suggesting that Calloway paced Plaintiffs' speed without the need for a radar speed device. (D.I. 7 at 12; D.I. 1 at ¶ 11) Defendants contest the factual averments in the complaint and argue for the court to draw inferences unfavorable to Plaintiffs, contrary to the court's obligation on a motion to dismiss. Plaintiffs' complaint avers that Calloway had no probable cause to stop them for speeding because Tsai does not believe he was speeding when the traffic stop occurred, and Calloway's vehicle was not equipped with a speed measuring device. (D.I. 9 at 11; D.I. 1 at ¶¶ 31-32) Viewing the pleaded facts in the light most favorable to Plaintiffs, it is reasonable to infer that Calloway lacked probable cause to pull Plaintiffs over for speeding. *See Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The court may not consider Defendants' argument of a disputed fact on a motion to dismiss.

It is also reasonable to infer that Calloway lacked probable cause to arrest Plaintiffs for transporting alcohol when the averments in the complaint are viewed in the light most favorable to Plaintiffs. Defendants maintain that Calloway had probable cause to believe that Plaintiffs violated state law governing the transportation of alcoholic beverages because Plaintiffs failed to use a common carrier for the transport. (D.I. 7 at 12-13) Specifically, Defendants argue that Chen violated 4 *Del. C.* § 718 because "Chen was a seller of alcoholic liquor, transporting it

10

within or outside the state and *not* 'by common carrier or by a carrier owned or hired by the manufacturer or importer.'" (D.I. 7 at 13)

Defendants' argument is based on facts outside of the pleaded allegations. The issue of whether probable cause existed for Defendants to believe Plaintiffs' conduct violated 4 *Del. C.* § 718(b), which states that "[i]f alcoholic liquor is to be shipped to a point within or without this State by the manufacturer or importer thereof, the shipment shall only be made by common carrier, by vehicle owned or hired by the manufacturer or importer, or employee thereof," is a disputed fact inappropriate for resolution on a motion to dismiss. The complaint alleges that Plaintiffs had legal authority to transport the alcohol and the charges brought against Plaintiffs under 4 *Del. C.* § 718 were dropped. (D.I. 1 at ¶¶ 26-27) Whether Plaintiffs qualify as "manufacturers or importers" and, if so, whether the van Plaintiffs were driving meets the definition of a "vehicle owned or hired by the manufacturer or importer, or employee thereof," are issues of fact which are not properly resolved on a motion to dismiss. Calloway's refusal to consider Chen's proffered wholesaler's license further supports Plaintiffs' plausible assertion that Calloway lacked probable cause to arrest them. (D.I. 1 at ¶¶ 19-20); *see Harvard v. Cesnalis*, 973 F.3d 190, 200 (3d Cir. 2020) ("In determining probable cause, arresting officers must consider plainly exculpatory evidence in addition to inculpatory evidence.").

The Third Circuit has explained that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009). This principle applies in the instant case. Issues of fact remain regarding whether Calloway had probable cause to arrest Plaintiffs or whether a constitutional violation occurred, and these questions cannot be resolved at this early stage of the proceedings. Because the complaint

plausibly alleges that Calloway violated Plaintiffs' clearly established right to be free from unreasonable seizure under the Fourth Amendment, Calloway is not entitled to dismissal as a matter of law based on qualified immunity when the court must accept as true the allegations in the complaint. Defendants' motion to dismiss on qualified immunity grounds is DENIED without prejudice to raise the argument at the appropriate stage of the case.

### C. Malicious Prosecution

To succeed on a malicious prosecution claim under Delaware state law, a plaintiff must show: (1) there was a prior institution of a criminal proceeding against the plaintiff; (2) the former proceedings were instituted by the defendant; (3) the former proceedings were terminated in favor of the plaintiff; (4) there was malice in instituting the former proceedings; (5) there was no probable cause for the institution of the former proceedings; and, (6) there was injury or damage to the plaintiff as a result of the former proceedings. *Stidham v. Diamond State Brewery, Inc.*, 21 A.2d 283, 284 (Del. 1941).

As a preliminary matter, Defendants' arguments in support of the motion to dismiss Plaintiffs' malicious prosecution claim mistakenly focus on the sufficiency of the pleaded allegations under § 1983, a federal statute. (D.I. 7 at 13-15) The pleaded averments for malicious prosecution confirm that Plaintiffs bring the claim only under Delaware state law. (D.I. 1 at ¶¶ 45-50) In their reply brief, Defendants dispute only the third element of the state law cause of action, insisting that dismissal of the criminal charges against Plaintiffs does not constitute termination in Plaintiffs' favor. (D.I. 10 at 5)

The complaint alleges that Calloway issued arrest warrants for Plaintiffs on several criminal charges, and the State subsequently dismissed those charges. (D.I. 1 at ¶¶ 46-47) The Delaware Supreme Court has held that such an "entry of nolle prosequi . . . is such a sufficient

termination of the cause in favor of the [plaintiff]" to satisfy the third element of a malicious prosecution claim. *Stidham*, 21 A.2d at 284; *see Knight v. Carmike Cinemas*, 2011 WL 3665379, at *12 (D. Del. Aug. 22, 2011) (explaining that, "unlike federal law," the entry of nolle prosequi is sufficient to satisfy the third element of a malicious prosecution claim in the plaintiff's favor under Delaware state law); *Quartarone v. Kohl's Dept. Stores, Inc.*, 983 A.2d 949, 958 (Del. Super. Ct. 2009) (characterizing the receipt of nolle prosequi as a "favorable outcome" in the context of a malicious prosecution claim). Because Plaintiffs have adequately pled the elements of a state law cause of action for malicious prosecution, Defendants' motion to dismiss the malicious prosecution claim is DENIED.

### D. Equal Protection and Right to Interstate Travel

Defendants next argue that the complaint fails to plead facts to establish that Calloway engaged in racial profiling or acted in a manner that inhibited Plaintiffs' right to interstate travel. (D.I. 7 at 15-16) Plaintiffs respond that the complaint contains sufficient allegations, taken as true, to support their causes of action for violations of their constitutional rights to interstate travel and equal protection. (D.I. 9 at 12-13) Specifically, the complaint alleges that Calloway arrested Plaintiffs because they were Chinese Americans traveling with New York tags, and Calloway had a history of stopping vehicles with out-of-state vehicle registrations operated by people of color without probable cause to search for cigarettes or other contraband. (D.I. 1 at ¶¶ 52-54, 59-64)

To state a claim for violation of the Equal Protection clause, a plaintiff must plausibly allege that he or she has been treated differently from other similarly situated individuals, and the unequal treatment was the result of purposeful discrimination. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014). Plaintiffs have not satisfied this standard because the

13

complaint contains no allegations establishing that other similarly situated individuals who did not fall within protected categories were treated differently. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (dismissing Equal Protection claim where the plaintiff "d[id] not allege the existence of similarly situated individuals" who were treated differently than the plaintiff); *Phillips*, 515 F.3d at 245 ("[G]eneral accusations and the invocation of the Equal Protection Clause are not enough.").

Plaintiffs' focus on Calloway's alleged history of discriminatory traffic stops based on race and ethnicity is also conclusory. *See Gainey v. Pagel*, 2021 WL 2400256, at *3 (D. Conn. June 11, 2021) (granting motion to dismiss Equal Protection claim based on conclusory allegation that white officers had a past history of racial discrimination). The Federal Rules of Civil Procedure "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 (citing Fed. R. Civ. P. 8). Consequently, Plaintiffs' "inability to marshal additional facts absent discovery cannot save [their] conclusory and speculative allegations from dismissal." *Tickles v. Johnson*, 805 F. App'x 204, 208 (4th Cir. 2020) (per curiam). For these reasons, Defendants' motion to dismiss Plaintiffs' Equal Protection claim is GRANTED.

As to Plaintiffs' claim for violations of their right to interstate travel, Plaintiffs' brief cites no case authority to support their position that the elements of the claim are adequately pleaded or that the right is implicated by an individual traffic stop. (D.I. 9 at 12-13) In fact, the basis for Plaintiffs' claim is unclear from the face of the pleading, which mistakenly identifies the "Privileges and Immunities Clause found in Article VI, section 2 of the U.S. Constitution." (D.I. 1 at ¶ 53) Article VI, section 2 is commonly referred to as the Supremacy Clause. It appears Plaintiffs meant to refer to the Privileges and Immunities Clause at Article IV, section 2.

Nonetheless, no viable cause of action has been pled, nor have Plaintiffs cited any authority recognizing the cause of action they have attempted to plead. The complaint in this case does not identify any protectionist regulations or financial barriers imposed by Delaware. *See, e.g., Saenz v. Roe*, 526 U.S. 489, 501-02 (1999) (considering the Privileges and Immunities Clause's non-absolute protections for nonresidents who enter a state to obtain employment, procure medical services, or engage in commercial activities); *Owner Operator Indep. Drivers Ass'n, Inc. v. Pa. Turnpike Comm'n*, 934 F.3d 283, 291 (3d Cir. 2019) (assessing constitutional right to travel under dormant Commerce Clause). Consequently, Defendants' motion to dismiss Plaintiffs' cause of action for violations of their right to interstate travel is GRANTED.

### E. *Monell* Claim

Plaintiffs' complaint asserts a claim against the municipality of Georgetown under the Supreme Court's decision in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), which held that a municipality may be held liable under 42 U.S.C. § 1983 where a constitutional injury is caused by a municipal policy or custom. Defendants argue that Plaintiffs' complaint fails to state a *Monell* claim against Georgetown as a matter of law. (D.I. 7 at 16-19) In response, Plaintiffs maintain that the complaint avers facts showing Georgetown and Calloway's superiors were aware of Calloway's history and pattern of stopping out-of-state vehicles operated by persons of color but took no measures to correct or prevent Calloway's discriminatory conduct. (D.I. 9 at 13)

Although the complaint plausibly alleges an unconstitutional seizure by Calloway, Georgetown's liability under § 1983 "may not be proven under the respondeat superior doctrine but must be founded upon evidence that [Georgetown] itself supported a violation of constitutional rights." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). To satisfy this

15

standard, Plaintiffs must demonstrate the existence of a municipal policy or custom and that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the alleged injury. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). "To survive a motion to dismiss, a plaintiff is not required to identify the specific custom and its inadequacy, but the complaint must still contain facts supporting both a plausible inference that there is a policy or custom that caused plaintiff's injury and a plausible inference that the municipality was the deliberate, moving force behind it." *Thorn v. New Castle Cty.*, C.A. No. 21-1024-RGA-JLH, 2022 WL 2828837, at *3 (D. Del. July 20, 2022).

Here, the complaint alleges that Georgetown is aware of Calloway's history and pattern of stopping and searching out-of-state vehicles operated by persons of color, and Calloway has been cautioned by State prosecutors about his unlawful practices. (D.I. 1 at ¶ 69) Nonetheless, the pleading avers that Georgetown and Calloway's supervisors "have either ignored, condoned, or acquiesced in Defendant Calloway's conduct," failing "to take adequate measures to correct and prevent Defendant Calloway's unlawful conduct." (*Id.* at ¶¶ 70-71) The complaint maintains that instead Georgetown rewarded Calloway's conduct because Georgetown receives a fiscal benefit from Calloway's seizures and forfeitures. (*Id.* at ¶ 72)

These allegations do not plausibly allege that Georgetown has a policy or custom associated with the Fourth Amendment violations. The focus of the complaint is on the single incident involving Calloway and Plaintiffs, and for the reasons set forth at § III.D, *supra*, the pleading lacks plausible allegations that Calloway engaged in a historical pattern of conduct. General references to prior incidents and historical patterns are not enough to raise a plausible *Monell* claim. *See Peters v. Ryan*, C.A. No. 16-1332-RGA, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017) ("In order to survive a motion to dismiss, [the plaintiff] needs to allege specific

facts identifying and describing these prior incidents[,]" such as when the incidents occurred and the actions taken by the officers in question). Consequently, Defendants' motion to dismiss Plaintiffs' *Monell* claim against Georgetown is GRANTED.

### F. Leave to Amend

Plaintiffs request leave to amend the complaint in the event that the court grants dismissal under Rule 12(b)(6). (D.I. 9 at 8) Defendants do not address or oppose Plaintiffs' request in their reply brief. (D.I. 10) In the Third Circuit, leave to amend is freely granted. *See In re Burlington*, 114 F.3d at 1434. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. There is no basis on the present record to deny leave to amend. Consequently, Plaintiffs may file an amended complaint on or before October 12, 2023. *See id.* ("[U]nless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.").

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (D.I. 6) is GRANTED-IN-PART, with leave to amend, as follows:

1. Defendants' motion to dismiss Plaintiffs' false arrest and false imprisonment claims under the Fourth Amendment is DENIED.

2. Defendants' motion to dismiss Plaintiffs' claims against Calloway based on qualified immunity is DENIED.

3. Defendants' motion to dismiss Plaintiffs' malicious prosecution claim is DENIED.

17

4.  Defendants' motion to dismiss Plaintiffs' claim for violations of their right to interstate travel under the Privileges and Immunities Clause is GRANTED without prejudice.

5.  Defendants' motion to dismiss Plaintiffs' Equal Protection claim is GRANTED without prejudice.

6.  Defendants' motion to dismiss Plaintiffs' *Monell* claim against Georgetown is GRANTED without prejudice, and Georgetown is DISMISSED without prejudice from this action.

7.  Defendant Couchman is DISMISSED without prejudice from this action.

8.  On or before October 12, 2023, Plaintiffs may file an amended complaint.

An Order consistent with this Memorandum Opinion shall issue.

Dated:  September 28, 2023